IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                             CRIMINAL ACTION NO.: 4:13CR080-SA

BRANDON SMITH

MEMORANDUM OPINION

Defendant Brandon Smith was indicted pursuant to Title 18 United States Code Section 922(g)(9) for knowingly possessing a firearm after having previously been convicted in a court of a misdemeanor crime of domestic violence. After pleading guilty to the count as charged, Defendant filed a Motion to Withdraw the Plea of Guilty [22] and a Motion to Dismiss the Indictment [23]. A hearing was held on the Motion to Dismiss on August 13, 2014. After hearing the arguments of counsel, the Court took the matter under advisement and now rules as follows:

*Factual and Procedural Background*

Brandon Smith was twice convicted of Simple Assault-Domestic Violence pursuant to Mississippi Code Section 97-3-7 (2010), once in 2008 and once in 2010. In 2013, he was federally charged with possession of a firearm after having been convicted of a misdemeanor crime of domestic violence. See Indictment [1]; 18 U.S.C. § 922(g)(9). Smith contends that the federal indictment must be dismissed as the elements of the Mississippi simple assault domestic violence statute proscribes conduct broader than allowed for that conviction to be used as a predicate offense under 18 U.S.C. Section 922(g)(9). In particular, Defendant contends that the Mississippi statute under which he was convicted is lacking the element "use of physical force."

*Analysis and Discussion*

Title 18 United States Code 922(g)(9) makes it unlawful for any person "who has been convicted in any court of a misdemeanor crime of domestic violence . . . to possess . . . any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." The term "misdemeanor crime of domestic violence" is further defined as "a misdemeanor under Federal, State or Tribal law" which

> has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

18 U.S.C. § 921(a)(33)(A).

The Mississippi statute in force at the time Smith was convicted stated that "[a] person is guilty of simple domestic violence who commits simple assault as described in subsection (1) of this section" against a victim with whom the defendant has or had a domestic relationship. Subsection (1) provided that a person was guilty of simple assault if he

(a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or

(b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or

(c) attempts by physical menace to put another in fear of imminent serious bodily harm . . . .

MISS. CODE ANN. § 97-3-7(1) (2010). Defendant contends that pursuant to the United States Supreme Court guidance in <u>United States v. Castleman</u>, 572 U.S. ---, 134 S. Ct. 1405, 188 L. Ed. 2d 426 (Mar. 26, 2014), he was convicted under a state statute for which "use of physical force"

was not a necessary element; therefore, the prior conviction cannot serve as the predicate offense of the federal criminal offense.

The Court follows the process outlined in Castleman to determine whether Smith's simple assault domestic violence convictions under Mississippi state law qualify as misdemeanor crimes of domestic violence pursuant to federal law. As noted in Castleman, there are two approaches to analyzing whether the underlying state offense can qualify as a predicate offense under the federal statute – the "categorical approach" as articulated in Taylor v. United States, 495 U.S. 575, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990), or the "modified categorical approach" as recently discussed in Descamps v. United States, --- U.S. ---, 133 S. Ct. 2276, 2281-82, 186 L. Ed. 2d 438 (2013).

Under the categorical approach, courts look to the statutory definition of the offense in question, as opposed to the particular facts underlying the conviction to determine whether the underlying conviction would fall within that definition. James v. United States, 550 U.S. 192, 127 S. Ct. 1586, 167 L. Ed. 2d 532 (2007). If the "statutory definition" of the prior state offense necessarily met the requirements of Section 922(g)(9), then the Court would be able to determine that "a domestic assault conviction in [Mississippi] categorically constitutes a 'misdemeanor crime of domestic violence.'" See Castleman, 134 S. Ct. at 1414, 188 L. Ed. 2d 426.

The second approach – the "modified categorical approach" is used when one could not know, just from looking at the statute, which version of the offense the defendant was convicted. Shepard v. United States, 544 U.S. 13, 26, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005) (comparing elements of "generic" criminal statutes with "non-generic" or "divisible" criminal statutes). Where a statute is "divisible," lower courts are allowed to scrutinize a restricted set of materials including plea agreements or transcripts of colloquy between the judge and defendant in order to

3

determine what alternative element the defendant pled guilty to. The Supreme Court underscored the narrow scope of that review, noting that the material was not to be used to determine "what the defendant and state judge must have understood as the factual basis of the prior plea," but only to assess whether the plea was to the version of the crime in the statute corresponding to the generic offense. Id., 125 S. Ct. 1254. Indeed, the Court noted that guilty pleas could be considered by courts "only if the defendant 'necessarily admitted [the] elements of the generic offense.'" Id., 125 S. Ct. 1254.

Because the parties in Castleman did not contest that the Tennessee statute is a "divisible statute," the Supreme Court applied the "modified categorical approach, consulting the indictment to which Castleman pleaded guilty in order to determine whether his conviction did entail the elements necessary to constitute the generic federal offense." Castleman, 134 S. Ct. at 1414, 188 L. Ed. 2d 426 (citing Descamps v. United States, --- U.S. ---, 133 S. Ct. 2276, 2281-82, 186 L. Ed. 2d 438 (2013)). Here, the Government and Defendant do not agree that the Mississippi statute is a "divisible" statute allowing the "modified categorical approach" of analysis. Therefore, the Court must determine first whether the Mississippi statute at issue at the time of Smith's convictions has a "single, indivisible set of elements" requiring analysis under a "categorical approach," or is a "divisible statute" requiring analysis under the "modified categorical approach."

If the statute were not deemed "divisible," it is clear that using the categorical approach, the Mississippi statute could serve as the predicate offense for the federal offense. The Mississippi domestic violence statute at issue, like the Tennessee statute in Castleman, did not require the use or attempted use of physical force for the commission of simple assault domestic violence. See MISS. CODE ANN. § 97-3-7(1) (defining one version of "simple assault" as "an

attempt by physical menace to put another in fear of imminent serious bodily harm"). The Castleman Court expressed its skepticism that the Tennessee domestic violence conviction could sustain a categorical approach analysis by stating that "[i]t does not appear that every type of assault defined by [the Tennessee statute] necessarily involves 'the use or attempted use of physical force, or the threatened use of a deadly weapon.'" Castleman, 134 S. Ct. at 1413-14, 188 L. Ed. 2d 426. For example, the Court reasoned that, under the Tennessee statute, "[a] threat . . . may not necessarily involve a deadly weapon, and the merely reckless causation of bodily injury . . . may not be a 'use' of force." Id. at 1414, 188 L. Ed. 2d 426. Because the Mississippi statute also allows recklessness and even negligence to constitute simple assault domestic violence, convictions based on the statute would not necessarily require the use or attempted use of physical force.

A "divisible statute" sets out one or more elements of the offense in the alternative – for example, stating that burglary involves entry into a building *or* an automobile. Descamps, 133 S. Ct. at 2281, 186 L. Ed. 2d 438.

> If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime.

Id.

"If a statute contains multiple, disjunctive subsections, courts may look beyond the statute to certain conclusive records made or used in adjudicating guilt in order to determine which particular statutory alternative applies to the defendant's conviction." United States v. Bonilla-Mungia, 422 F.3d 316, 320 (5th Cir. 2005) (internal quotation marks omitted). "These

records are generally limited to the 'charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" Id. (quoting Shepard, 544 U.S. at 16, 125 S. Ct. 1254). This method of "identifying the defendant's crime of conviction" is called the modified categorical approach. Contreras v. Holder, 13-60407, 2014 WL 2565670, at *3 (5th Cir. June 6, 2014).

Here, this approach is appropriate because Mississippi Code Section 97-3-7(3) is a statute made up of three separate subsections, and "contains multiple crimes set forth as alternative elements." Id. (citing Descamps, 133 S. Ct. at 2281, 186 L. Ed. 2d 438). The relevant Mississippi crime of simple domestic violence requires that the prosecutor prove that the defendant committed simple assault by (1) attempting to cause or purposely, knowingly or recklessly causing bodily injury to another; or (2) negligently causing bodily injury to another with a deadly weapon; or (3) attempting by physical menace to put another in fear of imminent serious bodily injury. As cited by Defendant, the Fifth Circuit has explained:

> In our current legal terminology, an element is "[a] constituent part of a claim that must be proved for the claim to succeed." BLACK'S LAW DICTIONARY 538 (7th ed. 1999). . . . If any set of facts would support a conviction without proof of that component, then the component most decidedly is not an element – implicit or explicit – of the crime.

United States v. Vargas-Duran, 356 F.3d 598, 605 (5th Cir. 2004 (en banc)). Therefore, "simple domestic violence" could be proved by showing a number of different ways the defendant committed simple assault.

As to the Tennessee domestic violence statute, the Castleman Court held that the modified categorical "analysis is straightforward: Castleman pleaded guilty to having 'intentionally or knowingly cause[d] bodily injury' to the mother of his child, and the knowing or intentional causation of bodily injury necessarily involves the use of physical force." Id. at 1414,

188 L. Ed. 2d 426 (alteration in original) (internal citation omitted). The Court reasoned that "[i]t is impossible to cause bodily injury without applying force in the common-law sense," and "the knowing or intentional application of force is a 'use' of force." Id. at 1415, 188 L. Ed. 2d 426. Therefore, the Court concluded that Castleman's conviction was a valid predicate offense for Section 922(g)(9), because his "indictment makes clear that the use of physical force was an element of his conviction." Id., 188 L. Ed. 2d 426.

As noted above, the "modified categorical approach" allows courts to consult a limited class of documents to determine which alternative element the defendant was convicted. The Arrest Warrants and Affidavits of Arrest for Smith's two state court convictions at issue here are attached and included in the record. Both warrants include the language that the charge levied against Brandon Smith is "Simple Assault – Domestic Violence" pursuant to "97-3-7(3)." The Affidavits contain victim statements and a general provision that Smith is charged with "Domestic Violence – Simple Assault (97-3-7(3))." There is no further indication as to what subsection Smith was charged or what mens rea was required for the convictions. Indeed, the warrants and affidavits fail to iterate whether the simple assault was done "purposely, knowingly or recklessly" or even "negligently." As noted in Castleman, the "merely reckless causation of bodily injury . . . may not be a 'use' of force." Castleman, 134 S. Ct. at 1414, 188 L. Ed. 2d 426. Thus, failure to include whether Smith used a knowing or intentional application of force is fatal to the Government's claim that the convictions suffice as predicate offenses of a misdemeanor domestic violence conviction. Based on the affidavits, the Court is unable to assess which version of the crime in the statute was charged on either occasion.

Here, the use or attempted use or threatened use of physical force is not a facially evident element of the convictions; therefore, the Motion to Dismiss the Indictment is GRANTED as the underlying crimes fails to support a federal offense.

To the extent that the Indictment has been dismissed, the Motion to Withdraw Plea is MOOT.

SO ORDERED, this the 18th day of August, 2014.

                                        **/s/ Sharion Aycock**
                                        **U.S. DISTRICT JUDGE**